CHARLES W. COOKE, AN INFANT, ETC., RESPONDENT, *v*. THE LALANCE GROSJEAN MANUFACTURING COMPANY, APPELLANT.

*Employment of children in a business dangerous to health or limb — forbidden in all industrial occupations — a child in such case is not subject to the risk of the business as are other employes — what machinery is dangerous within the meaning of chapter 122 of 1876.*

Chapter 122 of 1876, providing that every person who shall hire or employ any child under the age of sixteen years in any business or vocation injurious to the health, or dangerous to the life or limb of such child, shall be guilty of a misdemeanor, was intended to apply to all industrial occupations and made any such employment an act of negligence upon the part of the employer. *Hickey* v. *Taafe* (32 Hun, 7) followed.

The rule which makes all employes assume the risk of the employment does not apply to an infant, under the prescribed age, who is injured in managing dangerous machinery, unless such infant by his or her negligence contribute in some degree to the injury.

A piece of machinery is dangerous within the meaning of the act when it is of such strength or power, or so complicated, that it is improper to place a person of immature judgment to manage it, and when an error either in judgment or in skill will cause very violent injury.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new

trial made upon the minutes of the justice before whom the action was tried.

The plaintiff worked in defendant's factory at a steam-power punching machine, and on June 30, 1882, the punch came down on his hand injuring his four fingers so badly that their complete amputation was necessary. He was then fifteen years of age, and he claimed in this suit that his employment was dangerous and that the machine was out of order at the time, to the defendant's knowledge. The jury found these facts in his favor and awarded him $5,000 damages.

Evidence was given tending to show that the machine consisted of a table, in the center of which was placed a metal die. On the four corners of the table were upright bars, and at the sides of the table, about half way between front and rear, were two upright bars. At the top all these bars were connected by cross-heads, with the punch in the center, immediately over the die. The bars all passed through the table, and beneath it were connected with machinery which caused them to go up and down when in motion. This sliding down and up by the six bars was what brought the punch down upon the die, thus fashioning the work, and carried the punch up again. When at work the motion of the punch down and up was kept on continuously without requiring any movement on the part of the attendant to keep it going. It went up and down twelve times in a minute, leaving as the outside interval to feed it only five seconds. This interval was further reduced by the circumstance that when the punch reached the die it stayed there an instant to complete the pressure on the work. During this interval the boy was required to pick out the fashioned work, put a new plate into the die, which must be accurately fitted or it would be spoiled. There was no guide to enable him to fit the material on the die except that they are both about the same size. The punch did not rise more than eight inches from the die.

Evidence was also given tending to show that at the time of the injury the machine was out of order and started to work unexpectedly, thereby injuring the plaintiff.

*Morris & Pearsall*, for the appellant.

*Charles J. Patterson*, for the respondent.

BARNARD, P. J.:

In the case of *Hickey* v. *Taafe* (32 Hun, 7), we came to the conclusion that chapter 122 of the Laws of 1876 applied to all industrial occupations in which children under sixteen years of age were put to attend dangerous pieces of machinery. That the prohibition against such an employment of children was a violation of a rule of safety, and was therefore negligence in the master. That the rule which makes all employes assume the risk of the employment, does not apply to infants under the prescribed age who are injured in managing dangerous machinery, unless such infant by his or her negligence contributed in some degree to the injury. This case involves no new principle or question essentially different from the case of Taafe. A piece of machinery is dangerous within the meaning of the act when it is of such strength or power or so complicated that it is improper to place an immature judgment to manage it, and when an error, either in judgment or in skill, will cause very violent injury. We thought the legislature intended to forbid young children from being so employed. The question of the contributory negligence of the plaintiff was properly sent to the jury. There was some evidence tending to show an imperfect machine, but as the court charged the jury that if the machine was dangerous it was negligent in the defendant to put the plaintiff to manage it, whether it was in repair or not, there would necessarily be a new trial if this charge was wrong.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment and order denying new trial affirmed, with costs.